BENJAMIN HARRISON *et al.* Admrs.

*v.*

SAMUEL W. LINDLEY.

*Filed at Springfield September 28, 1882.*

PLEADING AND EVIDENCE—*as to claim against an estate, alleged to arise "as per contract."* On a claim filed in the county court, against an estate of a deceased person, for work and labor done, and for boarding, care, and money expended "as per contract," a recovery may be had upon an implied contract. On proof of such services, etc., under circumstances showing they were not mere gifts, a recovery may be had without proof of a special contract for the payment.

APPEAL from the Appellate Court for the Third District;— heard in that court on writ of error to the Circuit Court of Edgar county; the Hon. C. B. SMITH, Judge, presiding.

Mr. T. J. GOLDEN, and Mr. E. CALLAHAN, for the appellants:

The claim in writing first filed was abandoned by appellee resorting to the amended claim filed September 6, 1880. They both can not stand as claims against the estate. The

first rests the theory of recovery upon an implied liability, and the second upon an express contract, except as to three items. The statute provides that a "claimant shall produce his claim in writing," and "the case shall be tried and determined as in other suits at law." Rev. Stat. chap. 3, sec. 60. The "claim in writing" takes the place of a declaration, and the allegations and proofs must correspond. *Brock* v. *Slaten,* 82 Ill. 282; *Russell* v. *Hubbard,* 59 id. 335.

When the declaration is upon a special contract, the allegations and proofs must correspond. *Mastin* v. *Toucray,* 2 Scam. 216; *Chicago and Alton R. R. Co.* v. *Michie,* 83 Ill. 427; *Tracy* v. *Rogers,* 69 id. 662; *Wheeler* v. *Reed,* 36 id. 81.

In the case at bar, the appellee, on the trial, not only departed from the character of his claim, in the evidence adduced, but at his instance the court followed the departure in the instructions, which were properly excepted to.

Mr. S. S. WHITEHEAD, for the appellee:

The objection to the amendment of the claim came too late in the Appellate Court, and certainly is too late in this court. *Schlenker* v. *Riley,* 3 Scam. 483; *Lusk* v. *Cassell,* 25 Ill. 209; *Illinois Central R. R. Co.* v. *Simmons,* 38 id. 242; *Compton* v. *The People,* 86 id. 176; *Demesmey* v. *Gravelin,* 56 id. 93.

But the amended claim was properly filed, and it was discretionary with the court. *Jackson* v. *Warren,* 32 Ill. 331; *State Bank* v. *Buckmaster,* Breese, 133; *Miller* v. *Metzger,* 16 Ill. 390; *Brown* v. *Smith,* 24 id. 196.

There is no claim by appellee of an express contract between the decedent and him for his services before his marriage, and the proof of the value of his services after the express contract was made, fully sustains the amended claim for such services in their nature and amount. There is no variance between the claim and the proof, and if there was anything lacking in the form of the complaint, it was cured

by the verdict. *Kelsey* v. *Lamb,* 21 Ill. 559; *Brazzle* v. *Usher,* Breese, (Beecher's ed.) 35; *Graham* v. *Dixon,* 3 Scam. 115; *Burst* v. *Wayne,* 13 Ill. 599.

Messrs. SELLAR & DOLE, also for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a controversy arising out of a claim, by appellee, against the estate of Henry Harrison, who died intestate March 15, 1878. Appellants are administrators of the estate. On May 20, 1878, the claim was filed in the county court, for $14,546.44. This claim, at that time, was in the form of an itemized account for work and labor done for deceased, and for boarding, and care, and money expended. In 1880, pending the controversy, the form of the claim was changed, and the same amount was claimed to have arisen from the same source "as per contract" made with the deceased. The case was taken to the circuit court, where there were three trials, the verdict at each trial being for the claimant. Two new trials were granted by the circuit court, but that court refused to set aside the verdict at the last trial, and judgment was given for the claimant. The administrators appealed to the Appellate Court, where the judgment of the circuit court was affirmed. From the judgment of the Appellate Court the administrators appeal to this court.

To reverse the judgment, appellants insist that the court erred in charging the jury. The instructions were numerous, and several instructions asked by appellants were refused. It is not deemed necessary to discuss each instruction separately. It is insisted that under the claim, as amended, no recovery could be had unless a special contract was proven, and that it was error to charge the jury that a recovery might be had upon an implied contract. I do not think that the statute, in requiring claims against estates to be filed in

writing, was intended to introduce such strictness in the trial of such claims. No special pleading is required in such cases. Where the claim is for services, care, goods furnished, and the like, claimed to have been furnished under a contract, and on the trial the performance of the services, or care, or the furnishing of the goods, is proven under such circumstances as to show they were not mere gifts, it would work great injustice to say no recovery could be had save on proof of a special contract for the payment. This, it is believed, never was the rule of practice in probate courts in this State. The substance of the refused instructions, in so far as they lay down a correct rule, was given in other instructions, and no wrong was done appellants. Some of the instructions were properly refused, as simply calling the attention to particular parts of the testimony.

Upon the whole, we find no adequate ground for the reversal of the judgment of the Appellate Court. It is therefore affirmed.

*Judgment affirmed.*